**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JAMES GALEANO,  :  <br> : <br> Petitioner,  : <br> : <br> v.  : <br> : <br> UNITED STATES OF AMERICA,  : <br> : <br> Respondent.  : | Civil No. 08-2392 (JEI) <br><br> **OPINION** |

**APPEARANCES**:

    JAMES GALEANO, Petitioner pro se
    #18370-050
    F.C.I. F
    P.O. Box 779800
    Miami, Florida 33177

    CHRISTOPHER J. CHRISTIE, United States Attorney
    KEVIN TIMOTHY SMITH, Assistant U.S. Attorney
    U.S. Post Office Building
    401 Market Street, P.O. Box 1427
    Camden, New Jersey  08101
    Attorneys for Respondent

**IRENAS, District Judge**

    Petitioner, James Galeano ("Galeano"), a federal prisoner confined at the Federal Correctional Institution in Miami, Florida, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Galeano names the United States of America as the party respondent in this action.

    On July 2, 2008, the Government submitted a response to the petition with a motion to dismiss the petition.  This Court has

reviewed the written submissions of the parties, and for the reasons stated below, the Court will dismiss the petition because it is more properly characterized as a motion under 28 U.S.C. § 2255, which is untimely filed.

## I.  BACKGROUND

The following facts are taken from the petition and responsive brief.  On April 9, 1996, Galeano was convicted by jury trial in the United States District Court for the District of New Jersey, for conspiracy to distribute and to possess with the intent to distribute cocaine, and for possession with the intent to distribute approximately 300 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 2. On January 31, 1997, this District Court sentenced Galeano to 324 months imprisonment on each of the two counts charged, to be served concurrently, with a supervised release period of 60 months.

Galeano filed a Notice of Appeal with the United States Court of Appeals for the Third Circuit.  He alleged that (1) the trial court erred in denying petitioner's suppression motion; (2) the evidence was insufficient to prove the elements of the offenses charged; (3) the failure of the Government to arraign petitioner on the superseding indictment required the conviction to be set aside because the failure violated his constitutional rights; and (4) the evidence was insufficient to allow the trial

court to conclude that Galeano should be classified as a manager or supervisor.  The Third Circuit affirmed the conviction and sentence on August 26, 1998.

Galeano did not file a writ of certiorari with the United States Supreme Court; thus, on November 26, 1998, Galeano's conviction became final 90 days after the Third Circuit rendered its opinion.

Galeano now files this present habeas petition under 28 U.S.C. § 2241(c)(3), on or about May 22, 2008, almost nine years after his conviction became final.  Galeano mainly alleges that the indictment did not adequately notify him as to the offenses against which he had to defend himself, and that the jury instructions given at trial were defective.

The Government responded to the petition by filing a motion to dismiss, arguing that the action is more properly characterized as a motion to vacate under 28 U.S.C. § 2255, which is now untimely.  The Government also contends that the petition lacks merit.

## II.  ANALYSIS

### A.  Standard of Review

The Court recognizes that a pro se pleading is held to less stringent standards than more formal pleadings drafted by attorneys.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  Thus, a pro se habeas petition

should be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989). Because Galeano is proceeding pro se in his application for habeas relief, the Court will accord his petition the liberal construction intended for pro se litigants.

B.   Petitioner's Claims

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.[1]  See 28 U.S.C. § 2255; Davis v. United

---

[1] The addition of 28 U.S.C. § 2255 was deemed necessary because a § 2241 petition must be filed in the district where the prisoner is confined and "the few District courts in whose territorial jurisdiction major federal penal institutions are located were required to handle an inordinate number of habeas corpus actions far from the scene of the facts . . . solely because of the fortuitous concentration of federal prisoners within the district." United States v. Hayman, 342 U.S. 205, 213-14 (1952).

States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952).  Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255, ¶ 1.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the petitioner's detention.[2]  See 28 U.S.C. § 2255.  Specifically, paragraph five of § 2255 provides:

---

[2] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

5

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5; see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

    A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Id. at 539.

The United States Court of Appeals for the Third Circuit has recognized that, under certain very rare situations, a prisoner who cannot satisfy the gate-keeping requirements of § 2255 should be permitted to proceed under § 2241, which has neither a limitations period nor a proscription against filing successive petitions. See Dorsainvil, 119 F.3d at 251. The Dorsainvil exception, which addresses what makes a § 2255 motion "inadequate and ineffective," is satisfied only where petitioner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

Here, this Court finds that Galeano has not made any showing that he is entitled to relief under § 2241 based on the narrow exception that § 2255 is "inadequate or ineffective." See

7

Dorsainvil, supra.  First, Galeano does not argue that relief under § 2255 is "inadequate or ineffective."  Rather, he claims that the indictment against him was invalid because it was insufficient to adequately notify him of the charges against him.  He also asserts an incoherent claim about alleged inconsistencies of the statute as it was applied to him, which essentially contends that the statute for which he was convicted, and as referenced in his indictment, does not inform petitioner of the true nature of any crime against him.  Finally, Galeano appears to challenge the jury instructions as defective.

All of these claims could have been raised in Galeano's direct appeal, but were not.  Galeano does not explain why he waited more than nine years after his judgment of conviction became final before he sought to present these claims for review.  These claims also do not demonstrate that he is factually innocent of the crimes for which he was convicted.[3]  Instead, his

---

[3] A petitioner must present evidence of innocence so compelling that it undermines the court's confidence in the trial's outcome of conviction; thus, permitting him to argue the merits of his claim.  A claim of actual innocence requires a petitioner to show (1) new reliable evidence not presented at trial establishing, and (2) that it is more likely than not that no reasonable juror would have convicted the petitioner in the light of the new evidence.  House v. Bell, __ U.S. __, 126 S.Ct. 2064, 2077, 165 L.Ed.2d 1 (2006); Schlup v. Delo, 513 U.S. 298, 324, 327 (1995).  Further, the Supreme Court, in House, emphasized that the gateway standard for habeas review in claims asserting actual innocence is demanding and permits review only in the "extraordinary" case.  House, 126 S.Ct. at 2077 (citing Schlup, 513 U.S. at 327).

claims of innocence are merely based on alleged legal, procedural defects.[4] Galeano also fails to show that he is being punished for an act that has been decriminalized. See Dorsainvil, 119 F.3d at 248-52.[5]

Clearly then, Galeano does not meet the stringent standard under Dorsainvil to raise his claims in a § 2241 habeas petition rather than a motion under § 2255. Galeano has failed to demonstrate circumstances that would render § 2255 an inadequate or ineffective remedy. He cites no intervening change in the law that renders non-criminal the crimes for which he was convicted. He also fails to demonstrate any circumstances amounting to a

---

[4] Before AEDPA, the Supreme Court held that a petitioner otherwise barred from filing a successive § 2255 motion "may have his federal constitutional claim considered on the merits if he makes a proper showing of actual innocence." Herrera v. Collins, 506 U.S. 390, 404 (1993). This rule, the fundamental miscarriage of justice exception, is only granted in extraordinary situations, such as where it is shown that the constitutional violations probably resulted in the conviction of one who is actually innocent. Id.; McClesky v. Zant, 499 U.S. 467, 494 (1991). The "claim of actual innocence is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Herrera, 506 U.S. at 404.

[5] In Dorsainvil, the Third Circuit held that, in order for a petitioner to claim § 2255 is "inadequate or ineffective," he must show (1) that he is innocent of the crime for which he was convicted and is being punished for an act that the law does not make criminal, pursuant to a previously unavailable statutory interpretation by the Supreme Court that changed the substantive law and which applies retroactively; (2) that he had no earlier opportunity to raise the claim; and (3) that he cannot raise the claim under § 2255. Dorsainvil, 119 F.3d at 248-52.

"complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements.  There are no arguable claims of actual innocence and Galeano alleges no exceptional circumstances that would overcome the gatekeeping requirements set forth in § 2255.

Therefore, this Petition must be considered as a motion under § 2255, which is now time-barred.  Under § 2255, a one-year period of limitation provides that an applicant can file for collateral review of his federal conviction one year from the latest of four specific events: (1) "the date on which the judgment of conviction becomes final;" (2) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion from such government action;" (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right is newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" or (4) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255.

In this case, Galeano cannot demonstrate a later date for the running of his one-year limitations period than the date on which his judgment of conviction became final.  Galeano's federal

conviction was affirmed by the United States Court of Appeals for the Third Circuit on August 28, 1998.  He had 90 days from that date to file a petition for a writ of certiorari with the United States Supreme Court.  He did not do so.  Thus, Galeano's judgment of conviction became final on or about November 28, 1998, and he had one year from that date, or until November 28, 1999, to file a motion under 28 U.S.C. § 2255 challenging his federal conviction and sentence.

    Galeano does not allege any facts to show that any of the other four events concerning the limitations period apply in this instance.  There was no impediment to his filing a timely § 2255 motion based on the claims now asserted.  Indeed, Galeano's claims could have been raised on direct appeal.  His argument about the validity of the indictment and the statute for which he was convicted were not newly discovered claims and he does not assert a newly recognized right by the Supreme Court that was made retroactively applicable to cases on collateral review.  Therefore, because Galeano filed this action more than nine years after his judgment of conviction became final, his motion to vacate under § 2255 is time-barred and must be dismissed with prejudice.

III.  <u>CONCLUSION</u>

For the reasons set forth above, the petition will be dismissed with prejudice because it is time-barred.  An appropriate order follows.


                                    <u> s/ Joseph E. Irenas      </u>
                                    JOSEPH E. IRENAS
                                    United States District Judge

Dated: July 8, 2008