**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAMES GALEANO, | : | |
| | : | Civil Action No. 08-2392 (JEI) |
| Petitioner, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| THE UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

    JAMES GALEANO, Petitioner pro se
    #18370-050
    Federal Correctional Institution, Unit F
    P.O. Box 779800
    Miami, Florida 33177

    KEVIN TIMOTHY SMITH, ESQ.
    OFFICE OF THE U.S. ATTORNEY
    401 Market Street, P.O. Box 1427
    Camden, New Jersey 08101

**IRENAS,** District Judge

    This matter comes before the Court upon pro se petitioner, James Galeano's ("Galeano") motion for reconsideration of this Court's July 8, 2008 Opinion and Order, which had dismissed with prejudice Galeano's petition for a writ of habeas corpus under 28 U.S.C. § 2241. Galeano submitted his application on or about July 29, 2008. (Docket Entry No. 8).

    In order to entertain petitioner's motion for reconsideration, the Court will have the Clerk reopen the file.

This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the motion will be denied, and the Clerk will be directed to re-close the file.

## I. BACKGROUND

On April 9, 1996, Galeano was convicted by jury trial in the United States District Court for the District of New Jersey, for conspiracy to distribute and to possess with the intent to distribute cocaine, and for possession with the intent to distribute approximately 300 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 2. On January 31, 1997, this District Court sentenced Galeano to 324 months imprisonment on each of the two counts charged, to be served concurrently, with a supervised release period of 60 months.

Galeano filed a Notice of Appeal with the United States Court of Appeals for the Third Circuit. He alleged that (1) the trial court erred in denying petitioner's suppression motion; (2) the evidence was insufficient to prove the elements of the offenses charged; (3) the failure of the Government to arraign petitioner on the superseding indictment required the conviction to be set aside because the failure violated his constitutional rights; and (4) the evidence was insufficient to allow the trial court to conclude that Galeano should be classified as a manager or supervisor. The Third Circuit affirmed the conviction and

sentence on August 26, 1998. Galeano did not filed a writ of certiorari with the United States Supreme Court; thus, on November 26, 1998, Galeano's conviction became final 90 days after the Third Circuit rendered its opinion.

On May 22, 2008, almost nine years after his conviction became final, Galeano filed a habeas petition under 28 U.S.C. § 2241(c)(3). He asserted claims that the indictment did not adequately notify him as to the offenses against which he had to defend himself, and that the jury instructions given at trial were defective. The Government moved to dismiss the petition, arguing that the action is more properly characterized as a motion to vacate under 28 U.S.C. § 2255, which is now untimely. The Government also argued that the petition lacks merit.

In an Opinion and Order filed on July 8, 2008, this Court dismissed the petition with prejudice, construing the petition as a motion under § 2255 and finding it to be time-barred.

In a motion filed on July 29, 2008 (Docket Entry No. 8), Galeano implored this Court to reconsider its dismissal of his petition. First, he complains that he was not given sufficient time to respond to the Government's answer, believing that he had until August 4, 2008 to reply. Second, Galeano reiterates his claims of "innocence" and continues to expound on the same arguments he raised in his petition.

## II.  **ANALYSIS**

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure.  United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from judgment or order under Fed.R.Civ.P. 60(b).  Id. In the District of New Jersey, Local Civil Rule 7.1(I) governs motions for reconsideration.  Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F. Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(I) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion.  L. Civ. R. 7.1(I); see NL Industries, Inc. v. Commercial Union Insurance, 935 F. Supp. 513, 515 (D.N.J. 1996).  The standard for reargument is high and reconsideration is to be granted only sparingly.  See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(*citing* N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).

The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. Compaction Sys. Corp., 88 F. Supp.2d at 345; see also L.Civ.R. 7.1(I). "The word 'overlooked' is the operative term in the Rule." Bowers, 130 F. Supp.2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989). Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. Bowers, 130 F. Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision. See Resorts Int'l, 830 F. Supp. at 831 n.3. A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original

hearing. See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L.Civ.R. 7.1(I) does not allow parties to restate arguments which the court has already considered. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990). Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process. Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."). In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

Here, Galeano fails to allege that this Court "overlooked" a factual or legal issue that may alter the disposition of the matter, which is necessary for the Court to entertain the motion for reconsideration. Rather, Galeano simply disagrees with this Court's assessment of the claims asserted in the habeas petition, in construing the petition as a challenge to his conviction which

is more properly made as a motion under 28 U.S.C. § 2255, that is now time-barred.

This Court also finds no merit to Galeano's arguments in his motion for reconsideration.  In its July 8, 2008 Opinion, this Court determined that all of Galeano's claims could have been raised in his direct appeal, but were not.  Galeano also did not explain why he waited more than nine years after his judgment of conviction became final before he sought to present these claims for review.  Furthermore, Galeano's claims do not demonstrate that he is factually innocent of the crimes for which he was convicted.  Rather, his claims of innocence are merely based on alleged legal, procedural defects.  Galeano also failed to show that he is being punished for an act that has been decriminalized.  <u>See</u> <u>In re Dorsainvil</u>, 119 F.3d 245, 248-52 (3d Cir. 1997).  Thus, Galeano failed to meet the stringent standard under <u>Dorsainvil</u> to raise his claims in a § 2241 habeas petition rather than a motion under § 2255.  He also failed to demonstrate circumstances that would render § 2255 an inadequate or ineffective remedy.  He cites no intervening change in the law that renders non-criminal the crimes for which he was convicted.  He also fails to demonstrate any circumstances amounting to a "complete miscarriage of justice" that would justify application of the safety-valve language of § 2255 rather than its gatekeeping requirements.  There are no arguable claims of actual

innocence and Galeano alleges no exceptional circumstances that would overcome the gatekeeping requirements set forth in § 2255. (July 8, 2008 Opinion, Docket Entry No. 6 at pp. 4-11).

Consequently, Galeano fails to satisfy the threshold for granting a motion for reconsideration. He has not presented the Court with changes in controlling law, factual issues that were overlooked, newly discovered evidence, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice. He completely ignores the basis for this Court's determination that his action is now time-barred. Galeano's only recourse, if he disagrees with this Court's decision, should be via the normal appellate process. He may not use a motion for reconsideration to re-litigate a matter that has been thoroughly adjudicated by this Court.

### III. CONCLUSION

Therefore, for the reasons expressed above, the Clerk will be directed to reopen this file for review of Galeano's motion for reconsideration, and the motion will be denied for lack of merit. An appropriate Order follows.

    s/ Joseph E. Irenas
JOSEPH E. IRENAS
United States District Judge

Dated: August 21, 2008